15184

HARRIS *ET AL.* v. LESLIE, INDIAN AGENT

(12 S. E. (2d), 538)

August, 1940.

*Messrs. Hart & Moss,* for appellants,

*Messrs. John M. Daniel, Attorney General,* and *Dunlap & Dunlap,* for respondent.

December 11, 1940.

The opinion of the Court was delivered by MR. JUSTICE BAKER.

It is alleged in the statement of the record, that "the purpose of this action was to have the Court construe the statute law of South Carolina, with reference to the distribution of the appropriation made by the General Assembly of South Carolina, for the Catawba Indians living in this State".

In the Appropriation Act of 1940 (Act No. 1020, Acts of 1940, page 1955; 41 Statutes at Large), to meet the ordinary expense of the State government for the fiscal year July 1, 1940-June 30, 1941, so much of Section 61 thereof, pages 2020 and 2021, as is pertinent to the issues here involved is reproduced below:

"SECTION 61.   CATAWBA INDIANS:

For Maintenance:

A. Personal Service:
   A-1. Salaries:
     Financial Agent ............$  450.00
B. Contractual Services:
   B-4. Repairs to School ........   200.00
D. Fixed  Charges  and  Contributions:
   D-3. Contributions:
     Indian Schools ............  1,935.00
     Support .................  6,700.00

Total Catawba Indians .........                $9,285.00

*Provided,* That a Financial Agent, known as the Indian Commissioner, shall be appointed by the Governor, effective July 1, 1940. The term of office of the said Financial Agent shall begin with his appointment and qualification, and shall terminate at the pleasure of the Governor, or on June 30, 1941. The said Financial Agent shall be charged with the duties of disbursing the funds herein appropriated, together with any balances that may remain from former appropriations."

The issue before the Court is as to the distribution of the item:

"SUPPORT ...................$6,700.00."

The appellants on behalf of themselves and all others similarly situated, who shall come in and contribute to the expense of the action, commenced this action in the Court of Common Pleas for York County on July 31, 1940, and by their complaint alleged: (1) "That the question which is the subject of this action is one of common and general interest to all of the Catawba Indians." We interpolate, it is also a matter in which the State of South Carolina has an interest. (2) "That all of the plaintiffs (appellants) are members of the tribe of Catawba Indians"; that the first two named in the caption hereof are chief and assistant chief, respectively, of said tribe, and the last three "are members of the committee formed by the Catawba Indians for the government and handling of any and all affairs of interest to and concerning said Catawba Indians". (3) "That the said Catawba Indians reside, or at least most of them do" upon the reservation provided for them by the State. (4) That pursuant to Section 8690 of the Code of 1932, the appellants are the heads or governing chiefs of said tribe. (5) That respondent is the duly appointed and qualified Indian Agent or Commissioner, and in the active discharge of his duties as such. (6) That the General Assembly of the State of South Carolina for years past has appropriated and made available for the benefit of the tribe of Catawba Indians various sums of money, etc. (8) That there is an unexpended balance appropriated for the previous year of Eighty-four and 12/100 ($84.12) Dollars. (9) That as provided by Section 3205 of the Code of 1932, respondent is charged with the duty of making disbursement of any funds coming into his hands *pro rata* among the Catawba Indians living in South Carolina, approximating in number two hundred and fifty. (10) That respondent intends to withhold from disbursement to the tribe the following sums:

"Physicians and Medical attention ......$1,200.00
Hospital Fund ...................... 200.00
A Fund for Old Indians ............ 500.00
A Fund for burial expenses .......... 200.00
For the Payment of Defendant's Bond.. 20.00
For Payment of supplies, including
    books and records to be used by de-
    fendant ...................... 5.00"

(11) That respondent is without warrant of law to withhold any funds which have been appropriated for the support of the Catawba Indians, and that Section 3205 of the Code provides that the said funds shall be divided among the Catawba Indians living in South Carolina, and no provision is made therein for the withholding of any funds by the respondent; but in this connection, appellants allege that the tribe of Catawba Indians are agreeable for respondent to withhold a sum sufficient to pay any outstanding bill for medical services rendered to the Catawba Indians, which sum is alleged to be Thirteen Hundred and Sixty ($1,360-.00) Dollars, and a further sum of Two Hundred ($200.00) Dollars as a burial fund. (12) That the balance (the difference between $6,784.12 and $1,560.00), Five Thousand Two Hundred Twenty-four and 12/100 ($5,224.12) Dollars, should be divided *pro rata,* among all of the Catawba Indians residing in South Carolina, and by so doing a complete compliance with the statute will have been observed. There is no paragraph numbered 13. (14) That respondent is without authority of law to charge against the funds appropriated for the support of the Catawba Indians any amount for bond premium or for books of record. And (16) that respondent has stated his purpose to make distribution of the funds appropriated for the support of the Catawba Indians on August 6, 1940, and that if the Court does not enjoin and restrain the respondent from so doing, the rights of a great majority of the Catawba Indians will be infringed upon, if not destroyed, etc.

On the foregoing allegations, relief was prayed: (a) For an order and decree of this Court temporarily restraining and enjoining *pendente lite* the respondent from disbursing or paying out any moneys in his hand appropriated for the Catawba Indians, pending the further order of the Court. (b) For a rule to show cause why the temporary injunction should not be issued. (c) For an order construing ·the statute law of South Carolina with reference to a division of the appropriation made for the Catawba Indians living in this State. (d) That the respondent be directed to disburse to all of the Catawba Indians living in South Carolina on a *pro rata* basis the sum of $5,224.12. (e) That it be decreed by this Court that Guy Garcia, Garfield Harris, Hoyt Harris and Tony Fox are not entitled to participate in said funds for the reason that, even though they are Catawba Indians, they are not now living in South Carolina (this is the first mention made in the complaint of these parties), and (f) for such other and further relief as may be equitable and just.

The return of respondent denied allegations Nos. 1 and 2, and all other allegations not admitted; admitted the fact of the reservation, his appointment, etc., as Indian Agent or Commissioner (the statutes of this State designate him under both terms), that there was appropriated for the year 1940-41 $6,700.00 for the support of the Indians . of the Catawba reservation, and allegation No. 10 with the exception that the fund of Five Hundred ($500.00) Dollars, is for the old and disabled Indians.

Further, and by way of affirmative showing: Pleads Section 61 of the Appropriation Act of 1940, and admits a holdover balance from the year 1939-1940 of $84.12; that there are fourteen old, decrepit and invalid Catawba Indians who on account of age and health are unable to provide for themselves, and two hundred thirty-seven who are in a sense able to take care of themselves. "That under the provisions of Section 59 of the said Appropriation Bill (evidently refer-

ence was intended to Section 3205 of the Code) this defendant is required to and he has given a bond in the sum of Four Thousand ($4,000.00) Dollars for the faithful performance of his duties, to disburse this fund in such manner and in such a way as he feels it will be to the greatest benefit and do the greatest good for the said Catawba Indians living in South Carolina and failure on his part to so perform that duty the injured party or parties has redress on his bond and this Court is without jurisdiction to direct this defendant as to the manner in which such distribution shall be made unless he should abuse his rights and this he denies"; that for the year 1939-1940 he allotted the sum of One Thousand ($1,000.00) Dollars, and for this fiscal year Twelve Hundred ($1,200.00) Dollars for medical attention for all of the Catawba Indians, and that for the year 1939-1940 there is still outstanding unpaid from the allotment and appropriation for that year some thirteen or fourteen hundred dollars due physicians which he is unable to pay unless the Court in this proceeding shall authorize and direct him (respondent) to pay same from the appropriation made for 1940-1941; that he cannot pay same out of the $6,784.12 in hand for the support of the Catawba Indians for the year 1940-'41; that it has been the custom from experience to set aside certain funds for the payment of physicians rendering medical attention to the Catawba Indians, and also a fund for old and disabled Indians; that the other Indians upon receiving payment of their respective shares, will desert and leave helpless those who are sick and disabled; that he is within his rights in deducting from the funds for the support of these Indians his bond premium and the cost of records for the keeping of his accounts; that he has not included in his list for allotments the names of the four Indians referred to in the prayer of the complaint in this action; that appellants intend to file an expense account of $16.65 with respondent, and he asks the instructions of the Court thereabout, and the last paragraph of his return (No. 17) reads as follows:

"That the defendant respectfully shows to the Court that in observance of the statutes of South Carolina if and when there should be any question of the sale of any of the real estate of the nation he would consult with the heads of the tribe, but when it is as to the disbursement of the funds for the support of the Indians it is his duty to see that a fair and equitable distribution thereof be made and that none of those who wish to assume authority to direct the payment of the said funds for their own benefit have any authority to do so and he refuses to abide by such instructions."

Apparently, without the taking of any testimony, but solely on the pleadings, the case was heard before Honorable A. L. Gaston, Judge of the Sixth Circuit, who in an order dated August 19, 1940, held that respondent had authority to set aside and earmark funds from the appropriation made by the General Assembly for the support of the Catawba Indians, for the purposes as itemized and in the amounts set out in Allegation No. 10 of the complaint hereinbefore set forth, with the exception of the item of $200.00 for hospital fund. It was further ordered that the remaining fund should be disbursed in accordance with the usual custom and method maintained by respondent to those entitled thereto.

Incidentally, the order properly denied to respondent the authority and right to pay any indebtedness incurred prior to July 1, 1940, out of the appropriation for the fiscal year 1940-41; and directed respondent to pay to appellant's attorneys a fee, and the Court costs of this action out of distribution of the allotment which ordinarily would have been made to appellants and those joining with them in this action, as evidenced by a list furnished at the hearing and now in possession of the respondent. The efficacy of the last portion of Judge Gaston's order is of course dependent upon the amount the respondent may allot appellants and those joining with them.

The seven exceptions of appellants allege error by the trial Judge, both of commission and omission, but in fact raise only two issues, (1) Did the Court err in holding that re-

spondent had authority to set aside funds from the "Support" item, for the special purposes set out in Paragraph 10 of the complaint? (2) Did the Court err in failing to hold that the funds appropriated for the "Support" of the Catawba Indians living in South Carolina must be divided among them *per capita*?

Before entering upon a discussion of these issues, it should be stated that neither the Catawba Indians nor respondent can waive any of the provisions of the statute law involved; and certainly the appellants could not do so for the tribe as a whole since the return of respondent denies their authority to act for the tribe.

We find that Section 3205 of the Code is *verbatim* Section 20 of an Act of 1909, No. 140, Volume XXVI Statutes at Large, 280, regulating appropriations made to meet the ordinary expenses of the State for that year. By reference to the Appropriation Act for 1909 (Act No. 139, XXVI Statutes at Large, 263, 275), it will be found that the appropriation made therein reads as follows: "Item 9. Catawba Indians, $3,000.00," whereas, in the 1940-41 Act, the appropriation under the heading "Catawba Indians" is, omitting items not in issue, "Support, $6,700.00." It will therefore be seen that there is in the latter Act no appropriation to the Indians, but an appropriation for their support.

We concur in the statement contained in the order of the trial Judge reading as follows:

"I think that in the case and management of these funds for the benefit of the Indians some latitude should be allowed the Indian agent in disbursing the same in such a manner that these Indians would be provided for to the extent of the appropriation and there is no question in my mind but that it is as before stated a public necessity that they be cared for by the agent in the manner that will keep those of the tribe who are more fortunate from neglecting and leaving the unfortunates to the mercy of charity."

We also approve of the holding that respondent has a right to set aside out of the amount appropriated for sup-

port of the tribe a special fund for physicians and medical attention, and a "Fund for old and disabled Indians," and would also have approved of a "Hospital Fund", but this was disallowed, and there has been no appeal therefrom. As to the other items, "Burial Expenses", and payment of premium on bond of respondent and supplies, we are constrained to hold that there is no authority of law for payment thereof to be made out of the "support" fund. The last two-mentioned items must be borne by respondent out of his salary unless there exists some other general provision in the statute law of this State providing for the payment of same by the State.

"Support" in the sense that it was used in the statute, and to the extent that the funds appropriated will permit, means to maintain or aid and assist in the maintenance of the Catawba Indians by supplying them with the necessaries of life, or furnishing the funds therefor. While it is of course necessary that the bodies of such members of the·tribe as may depart this life shall be disposed of (the customary manner being by burial), yet even with the discretion reposing in respondent as to the division of the fund appropriated, the word "support" has not such elasticity as will permit him to expend any portion thereof upon the departed. This is therefore a problem to be solved by the Legislature, and not by the Court.

If the appropriation for 1940-41 had been made in the same wording as was the appropriation made in 1909, to which we have hereinbefore referred, there would be merit in the contention of appellants that the appropriation for the Catawba Indians would have to be divided among them *per capita,* but the probabilities are that the legislature recognized that the needs of the individual members of the tribe would vary, and that to so divide the fund would to an extent defeat the very purpose thereof. Under the law of this State, a man has to furnish the necessaries of life to his wife and minor children dependent upon him for support, but this does not mean that he must expend the same amount upon each,

because the necessaries of life for one may be either more or less, dependent upon circumstances, than for another, and may include medical attention.

While as above indicated, respondent in his official capacity, has the right of exercising his discretion in the disbursement of the fund appropriated for the support of the Catawba Indians, yet the Courts would have the power to, and would restrain a fraudulent or arbitrary exercise of this discretion; and there is the further protection of the bond he is required to enter into for the faithful discharge of his duties.

Of course the other appropriations made under Section 61 of the Act can be expended only for the purpose appropriated.

The order appealed from is affirmed in part and reversed in part as hereinabove indicated.

Mr. Chief Justice Bonham, Messrs. Justices Fishburne and Stukes and Mr. Acting Associate Justice L. D. Lide, Circuit Judge, concur.